**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-6182

JAMES ELMER GROSS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frank A. Kaufman, Senior District Judge.
(CR-90-192-K, CA-96-3088-K)

Submitted: December 2, 1997

Decided: December 22, 1997

Before WIDENER, HALL, and ERVIN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

James Elmer Gross, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Gross appeals the district court's order denying his motion filed under 28 U.S.C. § 2255 (1994) (current version at 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997)). Gross contends that his conviction under 18 U.S.C. § 924(c) (1994), for using or carrying a firearm during and in relation to a drug trafficking crime should be vacated because the trial court's instructions to the jury were erroneous in light of Bailey v. United States, ___ U.S. ___, 116 S. Ct. 501 (1995).

Contrary to Gross's position on appeal, in order to establish entitlement to relief on collateral review, he is required to establish that the allegedly erroneous instruction was actually prejudicial, to the degree that it violated his due process rights. See United States v. Frady, 456 U.S. 152, 169 (1982). Gross also erroneously asserts that he is entitled to relief under Federal Rule of Criminal Procedure 52(b). The plain error rule provided by Rule 52(b) is inapplicable to collateral proceedings. See id. at 158.

We have found that, even where the trial court's instructions regarding the "use" prong of § 924(c) are erroneous, and the court failed to elaborate as to the meaning of "carry" under the statute, the defendant is not prejudiced if the record establishes that the jury necessarily found the elements of carry as defined by case law. See United States v. Hudgins, 120 F.3d 483, 487 (4th Cir. 1997). One circumstance in which the "carry" prong is clearly satisfied, even after Bailey, is where the defendant actually possesses a firearm on his person during the commission of the predicate crime. See id. In this case, there is no dispute that Gross possessed a loaded pistol in the front area of his waistband at the time he was arrested for the predicate offense. Therefore, even assuming that the trial court's instructions were erroneous in this case, we find that the alleged error does not warrant vacatur of Gross's conviction.

Accordingly, we deny a certificate of appealability and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

2